**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVE MARTINEZ,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION, a government-owned corporation doing business as Amtrak,<br><br>        Defendant - Appellee. | No. 10-55215<br><br>D.C. No. 2:09-cv-06500-PA-RZ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted June 8, 2011[**]
Pasadena, California

Before: D.W. NELSON and IKUTA, Circuit Judges, and PIERSOL, Senior District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Lawrence L. Piersol, Senior District Judge for the U.S. District Court for South Dakota, Sioux Falls, sitting by designation.

The district court properly granted Amtrak's motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Martinez failed to allege discrimination on the basis of gender: neither the first amended complaint nor the proffered second amended complaint alleged the existence of any direct evidence of gender discrimination (such as a discriminatory comment by an Amtrak decisionmaker), *see, e.g.*, *EEOC v. Boeing Co.*, 577 F.3d 1044, 1050 (9th Cir. 2009), or circumstantial evidence of such gender discrimination (such as a similarly-situated female employee who was not fired after engaging in consensual sexual conduct on the job), *see, e.g.*, *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1105–06 (9th Cir. 2008). Thus, Martinez's reliance on *Sassaman v. Gamache* is misplaced, as Martinez offered no evidence of sex stereotyping comparable to Gamache's justification of Sassaman's firing: "you probably did what she said you did because you're male and nobody would believe you anyway." 566 F.3d 307, 311 (2d Cir. 2009). Because Martinez failed to establish a prima facie case of discrimination on the basis of gender, the district court did not err in dismissing Martinez's California Fair Employment and Housing claim or his state wrongful termination claim. *See Stevenson v. Superior Court*, 941 P.2d 1157, 1165 (Cal. 1997); *Loggins v. Kaiser Permanente Int'l*, 151 Cal. App. 4th 1102, 1108–09 (2007).

Even assuming Martinez could bring a § 1983 claim against Amtrak or a *Bivens* claim against Amtrak officials, both his first amended complaint and his proffered second amended complaint failed to state a claim for any constitutional violation. Because Martinez failed to allege discrimination on the basis of gender, his equal protection claim fails. Moreover, because Martinez did not allege that Amtrak prevented him from speaking or retaliated against him for so doing, his complaint fails to state a claim for a First Amendment violation. Finally, Martinez's due process claim fails because he received both "notice and an opportunity to respond" before he was terminated, *see Cleveland Bd. of Ed. v. Loudermill*, 470 U.S. 532, 546 (1985), and his complaint did not allege any facts suggesting that the post-termination officer was biased against him, *cf. Clements v. Airport Auth. of Washoe Cnty.*, 69 F.3d 321, 333 (9th Cir. 1995).

The district court did not abuse its discretion in denying Martinez's motion for leave to amend his complaint to state a *Bivens* claim, as amendment would have been futile. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

**AFFIRMED**.